**Electronically Filed
Intermediate Court of Appeals
29792
25-FEB-2011
10:48 AM**

NO. 29792

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JASON KIESE, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 09-1-1136)


MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Jason Kiese (Kiese) appeals from the Judgment of Conviction and Sentence filed on April 1, 2009 in the Family Court of the First Circuit (family court).[1]  The family court found Kiese guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2008).

On appeal, Kiese contends:

(1)  The family court erred when it found Minor competent to testify pursuant to Hawaii Rules of Evidence (HRE) Rules 603 and 603.1 and, by so finding, violated Kiese's rights to due process and fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article I, section 5 of the Hawai'i Constitution.

(2)  The State of Hawai'i (State) failed to adduce sufficient evidence to sustain Kiese's conviction.  In connection

---

[1]  Per diem Family Court Judge Wilson M.N. Loo presided.

therewith, Kiese contends that in the family court's "Findings of Fact, Conclusions of Law, and Judgment of Conviction" (FOF/COL/ Judgment), Findings of Fact (FOFs) 1, 4, 13, and 16 are erroneous and Conclusion of Law (COL) 5 is wrong.

(3)  Kiese's right to a fair trial was violated by the misconduct of the Deputy Prosecuting Attorney (Prosecutor).

(4)  The family court failed to exercise reasonable control over the presentation of evidence.

(5)  The family court erred as a matter of law in denying Kiese's request to stay the sentence pending appeal.

## I.  BACKGROUND

On February 11, 2009, the State filed a complaint, charging Kiese with Harassment, in violation of HRS § 711-1106(1)(a).  After a bench trial, the family court found Kiese guilty of Harassment and sentenced him to six months of probation and ordered him to attend parenting classes and pay court fees and fines.

On April 28, 2009, Kiese timely filed a notice of appeal from the April 1, 2009 judgment.

On June 30, 2009, the family court filed its FOF/COL/ Judgment.

## II.  STANDARDS OF REVIEW

### A.  Competency of Witness

The competency of a minor to testify is reviewed under the right/wrong standard of review.  State v. Kelekolio, 74 Haw. 479, 527 n.23, 849 P.2d 58, 80 n.23 (1993).

### B.  Sufficiency of the Evidence

The standard of review on appeal for sufficiency of the evidence is substantial evidence.  The Hawai'i Supreme Court has

> long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as

2

there is substantial evidence to support the requisite
findings for conviction, the trial court will be affirmed.

"Substantial evidence" as to every material
element of the offense charged is credible evidence
which is of sufficient quality and probative value to
enable a person of reasonable caution to support a
conclusion. And as trier of fact, the trial judge is
free to make all reasonable and rational inferences
under the facts in evidence, including circumstantial
evidence.

State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931
(1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31
(2007).

### C. Findings of Fact/Conclusions of Law

A trial court's findings of fact are reviewed under the
"clearly erroneous" standard of review. Dan v. State, 76 Hawai'i
423, 428, 879 P.2d 528, 533 (1994). "A finding of fact is
clearly erroneous when (1) the record lacks substantial evidence
to support the finding, or (2) despite substantial evidence in
support of the finding, the appellate court is nonetheless left
with a definite and firm conviction that a mistake has been
made." State v. Locquiao, 100 Hawai'i 195, 203, 58 P.3d 1242,
1250 (2002) (quoting State v. Harada, 98 Hawai'i 18, 22, 41 P.3d
174, 178 (2002)).

"An appellate court may freely review conclusions of
law and the applicable standard of review is the right/wrong
test. A conclusion of law that is supported by the trial court's
findings of fact and that reflects an application of the correct
rule of law will not be overturned." Dan, 76 Hawai'i at 428, 879
P.2d at 533 (internal quotation marks and citations omitted).

### D. Prosecutorial Misconduct

"Allegations of prosecutorial misconduct are reviewed
under the harmless beyond a reasonable doubt standard, which
requires an examination of the record and a determination of
whether there is a reasonable possibility that the error
complained of might have contributed to the conviction." State
v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999)

(internal quotation marks and citations omitted) (quoting <u>State v. Sawyer</u>, 88 Hawaiʻi 325, 329 n.6, 966 P.2d 637, 641 n.6 (1998)).

"Prosecutorial misconduct warrants a new trial or the setting aside of a guilty verdict only where the actions of the prosecutor have caused prejudice to the defendant's right to a fair trial." <u>State v. McGriff</u>, 76 Hawaiʻi 148, 158, 871 P.2d 782, 792 (1994). "In order to determine whether the alleged prosecutorial misconduct reached the level of reversible error, [the appellate court considers] the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against defendant." <u>State v. Agrabante</u>, 73 Haw. 179, 198, 830 P.2d 492, 502 (1992).

## III. DISCUSSION

### A. The family court did not err when it found Minor competent to testify.

Kiese contends the family court erred when it found Minor competent to testify pursuant to HRE Rules 603[2] and 603.1. Kiese also contends that allowing Minor to testify violated Kiese's right to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article I, section 5 of the Hawaiʻi Constitution. Kiese argues that Minor "was incapable of expressing himself, he did not fully understand the difference between a truth and a lie, and he was either unable to take the oath and/or he did not understand the duty to tell the truth." Kiese further argues that the State failed to establish Minor's competency to testify.

---

[2] HRE Rule 603 provides:

> **Rule 603 Oath or affirmation.** Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness'[s] conscience and impress the witness'[s] mind with the witness'[s] duty to do so.

4

Under HRE Rule 601,[3] every witness is deemed to be competent unless disqualified. Witness disqualification is governed by HRE Rule 603.1, which provides: "A person is disqualified to be a witness if the person is (1) incapable of expressing oneself so as to be understood, either directly or through interpretation by one who can understand the person, or (2) incapable of understanding the duty of a witness to tell the truth."

"[T]he competency of a witness is a matter for determination by the court." HRE Rule 603.1 cmt. "[T]he question of testimonial competency must be determined on a case by case basis." Kelekolio, 74 Haw. at 528, 849 P.2d at 80. The trial judge "views the demeanor of the proposed witness and weighs his manner and responses as well as his words." State v. Gonsalves, 5 Haw. App. 659, 666, 706 P.2d 1333, 1339 (1985). "The best approach in borderline cases is to admit the testimony, rely on adversary presentation and cross-examination, and exercise judicial control in testing the sufficiency of the evidence." Kelekolio, 74 Haw. at 526, 849 P.2d at 79 (quoting Hawaii Rules of Evidence Manual § 603.1-2A, at 214 (1990)).

In the instant case, the family court held a competency hearing prior to allowing Minor, who was six years old, to testify. After direct examination, the family court stated: "I think it's a borderline case, but the Court finds that he's competent." The defense then cross-examined Minor, after which the family court again found Minor to be a competent witness and stated that "all other objections regarding the weight of this testimony are -- will be addressed at pretrial."

During much of the competency hearing, Minor either nodded his head, shook his head, or shrugged his shoulders in response to questions. Counsel or the family court generally

_____

[3] HRE Rule 601 provides:

> Rule 601 General rule of competency. Every person is competent to be a witness except as otherwise provided in these rules.

5

acknowledged the non-verbal response in the next question or verbally stated the response for the record. Kiese argued against finding Minor competent: "Sometimes he's shrugging his shoulders. Sometimes he's nodding his head, Your Honor. He has to be able to state in sentences what transpired." The family court stated that Minor need only "communicate effectively."

On appeal, Kiese argues that Minor was incapable of expressing himself "so as to be understood." Kiese suggests that when Minor responded non-verbally, "the family court merely guessed at what [Minor] was trying to communicate. . . . While the State characterized and interpreted [Minor's] 'nodding' as an affirmative response, nothing in the record indicates what [Minor] intended such a gesture to signify."

We disagree. Nothing in the record indicates a dispute or objection to the interpretation of what Minor intended when he nodded, shook his head, or shrugged his shoulders. During the competency hearing, both counsel struggled with Minor's inaudible responses. Often, counsel asked that the record reflect that Minor was nodding his head up and down or shrugging his shoulders.

There appears to be no disagreement that a "nod up and down" was viewed as an affirmative answer and a "shake" was viewed as a negative answer. For example:

> Q.  [Prosecutor]: . . . [D]o you understand what's the difference between the truth and a lie?
>
> A.  [Minor]: (No audible response).
>
> Q.  You have to say yes or no.
>
> A.  Yes.
>
> Q.  <u>Yes</u>. Okay.
>
> THE COURT: <u>Let the record reflect that [Minor] was nodding his head up and down</u>.
>
>             *         *         *
>
> Q.  [Defense Counsel]: [Minor], what day is Christmas on? Do you know the date that Christmas is on?
>
> A.  [Minor]: No.

Q.    Okay. Is it on -- is Christmas on December 23rd?

A.    I don't know.

Q.    <u>You don't know</u>.
      Your Honor, <u>let the record reflect that the Minor
      shrugged his shoulders and also indicated that he did
      not know</u>.

                    *           *           *

Q.    [Prosecutor]:  What's your father's name?

A.    [Minor]:  Jason.

Q.    Jason.  And does he have the same last name as you?

A.    (<u>No audible response</u>).

Q.    Okay.  Let the record reflect the witness is <u>nodding
      yes</u>.

                    *           *           *

Q.    [Prosecutor]:  So, [Minor], where did Daddy hit you
      with the stick?

A.    [Minor]:  Arm.

Q.    Arm.  Okay.  Anywhere else?

A.    Butt.

Q.    Where?

A.    Butt?

Q.    Butt.  Okay.
      Did he hit you anywhere else?

A.    (<u>No audible response</u>).

Q.    <u>No</u>.
      Your Honor, if the record will reflect <u>the witness is
      shaking his head</u>.

                    *           *           *


Q.    [Prosecutor]:  Do you remember anything else that
      happened on that day?

A.    [Minor]:  (No audible response).

Q.    <u>No.  Okay.  Your Honor, let the record reflect the
      witness is shaking his head</u>.

(Emphasis added.)

      Under HRE Rule 603.1, a witness must be able "to be
understood, either directly or through interpretation by one who

7

can understand the person." There is no competency requirement that a witness speak in sentences or even that the witness speak aloud. Nothing in the record indicates that Minor's responses were not understood by either counsel or the family court.

Kiese also contends Minor "failed to take or respond in any way -- verbal or non-verbal -- to the oath." Before testifying, every witness must declare, by oath or affirmation, that he will testify truthfully. HRE Rule 603. The family court had to determine first if Minor understood what it meant to tell the truth and second if Minor could affirm that he would tell the truth.

During the competency hearing, defense counsel questioned Minor regarding the difference between the truth and a lie in the following exchange:

> Q. [Defense Counsel]: Okay. Can you tell me what it means to tell the truth?
>
> A. [Minor]: Don't lie.
>
> Q. Don't lie. Okay. So then what is a lie?
>
> A. Like a --
>
> Q. You don't know what a lie is?
>
> A. (No audible response).
>
> Q. You know what it means to lie?
>
> A. (No audible response).
>
> Q. Okay. Can you explain to me?
>
> THE COURT: Let the witness [sic] reflect the witness is nodding his head up and down.
>
> A. [Minor]: Just tell the truth.
>
> Q. [Defense Counsel]: Okay. So to tell the truth means to don't lie and not tell -- and to not lie means to tell the truth?
>
> A: (No audible response).
>
> Q. Your Honor, let the record reflect that he is nodding his head up and down.

Based on this exchange, we conclude the family court did not err in finding that Minor understood the difference between the truth and a lie.

A witness must also promise to testify truthfully. HRE Rule 603. In the following exchange, Minor makes that promise:

Q.    [Prosecutor]: And so if I was to ask you to tell us what happened on January 29th when you got in trouble, will you be able to tell the truth?

A.    [Minor]: Yes.

Q.    Okay. And that's because that's the right thing to do, right?

A.    (No audible response).

Q.    Okay. May the record reflect the witness is nodding his head up and down.

At the conclusion of the competency hearing, the family court found Minor competent to proceed. At that point, the court clerk asked Minor to stand where the clerk could see Minor and asked Minor to raise Minor's hand. The clerk asked Minor, "Will you tell the truth today and not lie?" The record indicates that there was no audible response, to which the clerk responded, "Okay. Thank you." Presumably, had Minor not responded at all or responded in the negative, the clerk would not have said, "Okay."

We conclude that Minor was competent to testify, understood his duty to tell the truth, and took an oath to tell the truth. Therefore, the family court did not err in allowing Minor to testify.

Even if the family court had erred in admitting Minor's testimony, the appellate court follows the rule that in a bench trial, "if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only." State v. Gutierrez, 1 Haw. App. 268, 270, 618 P.2d 315, 317 (1980).

In the instant case, several other witnesses testified as to Kiese's alleged actions. A police officer (the Officer)

testified that he responded to a call from Minor's school; interviewed Minor; saw "red marks" across Minor's arm, hand, and face; and took photos of the red marks. The Officer also stated that Minor told him, "Daddy spanked [me] with a yellow stick." Minor's mother testified that Minor told her Kiese had spanked Minor, Kiese told her that he had spanked Minor with a stick, and she told police that Kiese had said he spanked Minor twenty times.[4]

Kiese testified that he hit Minor with a stick on Minor's buttocks and arms and hit Minor once in the face with his hand. Thus, even if the family court did err in finding Minor competent to testify, there was sufficient competent evidence to support the judge's findings without considering Minor's testimony.

**B.    The family court did not err in finding there was sufficient evidence to prove the basic elements of Harassment, as proscribed by HRS § 711-1106(1)(a).**

Kiese contends the family court's FOFs 1, 4, 13, and 16 were erroneous and its COL 5 was wrong.

The relevant FOFs provide:

1.    On January 29, 2009, [Minor's mother] was notified by school officials at [Minor's] school that [Minor], who was six years old on the date of the incident, had misbehaved earlier that day, acting in a manner described as being "playful" and not in a dangerous manner.
. . . .

4.    Upon arriving home later that evening, [Minor's mother] found out that [Minor] was already in a "timeout" and was crying. [Minor's mother] did not talk to [Minor] nor [Kiese] as to the extent of the interaction between the two that evening and told [Minor] to get ready for bed.
. . . .

13.    For three consecutive days prior to January 29, 2009, [Kiese] and [Minor's mother] had been informed that [Minor] had been too "playful" and "misbehaved" during school, but none of the reports indicated that [Minor] was a danger to self or others.

---

[4]    At trial, Minor's mother testified that although she told the police that Kiese said he spanked Minor twenty times, Kiese actually never said to her how many times he spanked Minor.

. . . .

16. [Minor] was under four feet tall and based on fact-finder's own visual observations, [Minor] was a thin, slight boy and much smaller in comparison to [Kiese].

The relevant COL provides:

5. Based on the credible evidence presented and the justifiable inferences of fact, this Court finds that [Kiese] is guilty of the offense of Harassment in violation of HRS § 711-1106(1)(a) as the State has proven beyond a reasonable doubt that the force employed by [Kiese] was done **WITHOUT** "due regard for the age and size" of [Minor].

Reviewing the FOFs under the "clearly erroneous" standard, we conclude that the findings were not clearly erroneous. Kiese also contends COL 5 is wrong because it is based on the aforementioned alleged erroneous FOFs. Having concluded that the FOFs are not erroneous, we further conclude that COL 5 is not wrong.

Kiese contends the State "failed to adduce sufficient evidence to sustain the [harassment] conviction because it failed to establish any evidence that Kiese possessed the requisite mens rea" to harass, annoy, or alarm Minor, as required under HRS § 711-1106(1). He argues that his only intent was to discipline Minor.

HRS § 711-1106(1)(a) provides:

§711-1106 **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

(Emphasis added.)

Kiese acknowledged at trial that he hit Minor. He does not argue on appeal that the force was not applied in an offensive manner; therefore, he concedes that element. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) ("Points not argued may be deemed waived."). The issue on appeal is whether

there was sufficient evidence to prove Kiese had the <u>intent</u> to harass, annoy, or alarm when he hit Minor.

At trial, the State bore the burden of providing sufficient evidence to establish the elements of the offense beyond a reasonable doubt, including that Kiese acted with the requisite intent. As a matter of law, "[a] defendant may not be convicted except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." <u>State v. Jenkins</u>, 93 Hawai'i 87, 108, 997 P.2d 13, 34 (2000) (internal quotation marks and citation omitted); <u>see</u> HRS § 701-114 (1993).

On appellate review for sufficiency of the evidence, the evidence must be considered in the strongest light for the prosecution. <u>Matavale</u>, 115 Hawai'i at 157, 166 P.3d at 330. "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." <u>Id.</u> at 157-58, 166 P.3d at 330-31.

"Substantial evidence" as to the material elements of an offense is "credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion." <u>Batson</u>, 73 Haw. at 248-49, 831 P.2d at 931. In a bench trial, the trial judge, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." <u>Id.</u> at 249, 831 P.2d at 931. "Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." <u>State v. Agard</u>, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (internal quotation marks and citation omitted).

Kiese testified that he told Minor that if Minor misbehaved again, "[Y]ou'll get punished, Daddy going to spank you." Kiese further testified that after Minor misbehaved again at school, Kiese told Minor:

> I told you yesterday, and that means you don't listen, you don't listen to Daddy, you don't listen to the teachers and Daddy told you yesterday that if you don't listen, Daddy going to spank you, right.
>
> He concurred. And then that's what I did. I . . . did use the -- a stick to spank [Minor] on the buttock.

In State v. Stocker, 90 Hawai'i 85, 87-88, 976 P.2d 399, 401-02 (1999), the family court convicted Stocker of harassment for slapping his eleven-year-old son across the face when the son refused to obey Stocker's repeated instruction to come to him. "With regard to the requisite state of mind, Stocker argue[d] that, because the slap was meted out for purposes of discipline, he could not have acted with 'intent to harass, annoy, or alarm' [his son]." Id. at 91, 976 P.2d at 405. The Hawai'i Supreme Court noted that "HRS § 711-1106 is concerned with the offensive nature of the touching to one's sensibilities. The impact of harassment is on one's psyche and mental well-being . . . ." Stocker, 90 Hawai'i at 91, 976 P.2d at 405 (internal quotation marks and citation omitted).

The supreme court observed that there was "substantial evidence that, after becoming angry and 'yelling' at [his son], Stocker slapped him in the face." Id. at 92, 976 P.2d at 406. Although the slap was considered to be "mild" and Stocker's son testified that it "didn't hurt . . . only hurt a little" and left no mark or bruise, the supreme court nonetheless held that the family court could reasonably infer that the father intended his conduct to "annoy" or "alarm" his son. Id. at 92 & 96, 976 P.2d at 406 & 410.

In the instant case, Kiese attempts to distinguish the holding in Stocker by arguing that in order to find intent, the court must find that Kiese was angry or yelling. "Although Kiese was mad and disappointed that [Minor] had lied and misbehaved, unlike the situation in Stocker, there was no evidence that Kiese was angry, yelling, or struck out with the intent to harass, annoy, or alarm [Minor]." **OB at 20** In Stocker, the Hawai'i Supreme Court's holding that the father intended to "annoy" or

13

"alarm" his son relates to the slap on the face and not on his "becoming angry and 'yelling.'"  The subsequent discussion in Stocker regarding the parental discipline defense referred only to the slap, making no further reference to other behaviors as necessary elements.  Id. at 95-96, 976 P.2d. at 409-10.  Kiese admits to the evidence that he "slapped [Minor] in the face for lying and spanked him with a stick for his continuous and escalating misbehavior."

There was substantial, uncontroverted evidence that Kiese hit Minor with a stick and his open hand.  We conclude that the family court could have reasonably inferred, based on actual and circumstantial evidence, that Kiese intended his conduct to harass, annoy, or alarm Minor.

C.   **The family court did not err in concluding that sufficient evidence was adduced to negate Kiese's parental discipline defense pursuant to HRS § 703-309(1).**

Kiese contends that, even if there was sufficient evidence to establish commission of the offense of Harassment, his use of force upon Minor was justified pursuant to the parental discipline defense under HRS § 703-309(1) (1993), which provides:

> §703-309  Use of force by persons with special responsibility for care, discipline, or safety of others. The use of force upon or toward the person of another is justifiable under the following circumstances:
>
> (1)   The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor . . . and:
>
> (a)   The force is employed with due regard for the age and size of the minor and is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and
>
> (b)   The force used is not designed to cause or known to create a risk of causing

14

                          substantial bodily injury,[5]
                          disfigurement, extreme pain or mental
                          distress, or neurological damage.

To invoke the parental discipline defense, Kiese must prove there was sufficient evidence to support the four elements of the defense. State v. Crouser, 81 Hawaiʻi 5, 10-11, 911 P.2d 725, 730-31 (1996). The parental discipline defense was available "so long as some evidence was adduced, no matter how weak, inconclusive, or unsatisfactory it might be, which was probative of [the elements in HRS § 703-309(1)]." Stocker, 90 Hawaiʻi at 95, 976 P.2d at 409 (internal quotation marks and citations omitted; emphasis in original).

The first element of the defense is that the defendant must be a parent, guardian, or other person as described in HRS § 703-309(1). Crouser, 81 Hawaiʻi at 10, 911 P.2d at 730. Second, the force used must be against a minor for whose care and supervision the defendant is responsible. Id. Third, the force used must be with due regard for minor's age and size and reasonably related to the purpose of safeguarding or promoting the minor's welfare, including the prevention or punishment of misconduct. Id. at 10-11, 911 P.2d at 730-31. Finally, the force used by the defendant must not be designed to cause, or known to create a risk of causing substantial bodily injury, disfigurement, extreme pain or mental distress, or neurological damage. Id. at 11, 911 P.2d at 731.

Kiese testified at trial that (1) he was Minor's parent; (2) he hit Minor with a thin, fifteen-inch bamboo stick

---

[5] HRS § 707-700 (Supp. 2010) defines "substantial bodily injury" as bodily injury which causes:

(1) A major avulsion, laceration, or penetration of the skin;

(2) A burn of at least second degree severity;

(3) A bone fracture;

(4) A serious concussion; or

(5) A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

and with his hand; (3) his use of force was with due regard to Minor's age and size ("I wasn't hitting that hard because he's just a kid"); and (4) he hit Minor to punish Minor for lying, for disrespect, and for not following the rules -- in other words, to discipline him. Based on this testimony, Kiese met the initial burden of proof to invoke the defense.

Once the parental discipline defense burden of production is met, the burden shifts to the State, which has "the burden of disproving beyond a reasonable doubt the justification evidence that was adduced, or proving beyond a reasonable doubt facts negativing the justification defense." Crouser, 81 Hawaiʻi at 11, 911 P.2d at 731.

"Because the requirements of HRS § 703-309(1) are set out in the conjunctive, rather than the disjunctive, the prosecution needed only to disprove one element beyond a reasonable doubt to defeat the justification defense." Crouser, 81 Hawaiʻi at 11, 911 P.2d at 731. The State maintains the third element was disproved, arguing that Kiese "failed to give due regard to [Minor's] age and size" and the force used by Kiese "was not reasonably related to the purpose of safeguarding or promoting [Minor's] welfare."

To disprove the third element, the evidence must show that the defendant used force without due regard for the age and size of the minor or the force was not reasonably related to the purpose of safeguarding or promoting the welfare of the minor. HRS § 703-309(1)(a).

Based on the record, Kiese, approximately 5'11" and 140 pounds, struck Minor, who was six years old and under four feet tall, in the face with Kiese's open hand once or twice[6] and on Minor's butt more than five times with a bamboo stick approximately 15 inches to 24 inches long and slightly thicker than a ballpoint pen. Kiese said he struck Minor in the face because Minor blamed a classmate for Minor's misbehavior at

---

[6] Minor testified that Kiese hit him in the face "two or one" times.

school.  Kiese attempted to "spank [Minor's] butt," but struck Minor's hands and arms when Minor "covered his butt" with them.  Minor cried "because it hurt."  The State submitted photos showing "red-like slash marks" across Minor's knuckles and left inner arm.  Another photo showed a red mark across the left side of Minor's face.

In <u>Matavale</u>, the Hawai‘i Supreme Court explained that the legislature recognized a parent's right to discipline a child, "but such discipline must be with due regard as to the amount of force utilized and must be directed to promote the welfare of the child."  <u>Matavale</u>, 115 Hawai‘i at 164, 166 P.3d at 337 (emphasis in original omitted).  "The force used must (1) reasonably be proportional to the misconduct being punished and (2) reasonably be believed necessary to protect the welfare of the recipient."  <u>Id.</u>  The maximum degree of justifiable force is defined in HRS § 703-309(1)(b) as force that "is not designed to cause or known to create a risk of causing substantial bodily injury."

In <u>Crouser</u>, the supreme court noted that even if a particular physical discipline does not rise to the level described in subsection (b), it "may be so excessive that it is no longer reasonably related to safeguarding the welfare of the minor."  81 Hawai‘i at 12, 911 P.2d at 732.

> In <u>Matavale</u>, the supreme court noted that courts have a
>
> large amount of discretion . . . to determine whether the actions of a parent fall within the parameters of parental discipline . . . . [T]he permissible degree of force will vary according to the child's physique and age, the misconduct of the child, the nature of the discipline, and all the surrounding circumstances.  It necessarily follows that the question of reasonableness or excessiveness of physical punishment given a child by a parent is determined on a case-by-case basis and is dependent upon the particular circumstances of the case.

115 Hawai‘i at 165, 166 P.3d at 338.

The State provided evidence as to the age and size of the Minor.  Kiese acknowledged that a hand spank on Minor's bottom would probably have been effective.  The State argues that when Kiese hit Minor in the face with his hand and used a stick

17

NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS AND PACIFIC REPORTER

instead of his hand in purportedly attempting to hit Minor on the buttocks, he was not giving "due regard to the age and size" of Minor or using force that was reasonably related to the purpose of safeguarding or promoting Minor's welfare. The State solicited testimony that Minor's infractions at school were related to playfulness rather than dangerous behavior from which Minor need to be safeguarded.

Viewing the evidence in the light most favorable to the State, we hold that there is substantial evidence to support the conclusion of the trier of fact. The family court indicated in its FOFs that it considered testimony regarding (1) Minor's age and size and (2) the "red-like slash marks" on Minor's left knuckles and "red marks" on his left inner arm and left side of his face that were visible the day after the episode. It also considered that a spank with the hand had been effective in the past.

Based on its findings, the family court concluded that the force of the physical discipline was not employed with due regard for Minor's age and size.

"An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996). "As the trier of fact, the judge may draw all reasonable and legitimate inferences and deductions from the evidence, and the findings of the trial court will not be disturbed unless clearly erroneous." Id. "Under the clearly erroneous standard, a trial court's decision will not be reversed unless, based upon the entire evidence in the record, the appellate court is left with the definite and firm conviction that a mistake has been made." Crouser, 81 Hawai'i at 10, 911 P.2d at 730.

In the instant case, we hold that the family court did not err when it concluded that the force employed was without due regard to Minor's age and size.

D.    The Prosecutor's conduct did not deprive Kiese of his right to a fair trial.

Kiese contends the Prosecutor "repeatedly engage[d] in a line of improper questions in which [the Prosecutor] not only asserted his personal knowledge in the questions, but for which he also provided answers to the questions that [Minor] failed to answer." Kiese also argues, without citing to the record, that "[t]he record is beset with numerous instances of misconduct."

Kiese specifically cites to an exchange between the Prosecutor and Minor about a conversation earlier that morning among Minor, defense counsel, and the Prosecutor. During the trial, defense counsel objected to this line of questioning on the grounds of hearsay or leading questions, but not on the grounds of prosecutorial misconduct. The family court sustained some of defense counsel's objections, but not all.

The Prosecutor's questions related to whether Minor remembered saying earlier that morning that Kiese had hit him with a stick and his hand. Testimony regarding these same facts was later elicited from Minor's mother and Kiese, and these facts were not in dispute. Kiese asks this court to recognize plain error, arguing that the cumulative effect of the alleged misconduct deprived him of a fair trial.

"Prosecutorial misconduct warrants a new trial or the setting aside of a guilty verdict only where the actions of the prosecutor have caused prejudice to the defendant's right to a fair trial." McGriff, 76 Hawai'i at 158, 871 P.2d at 792. We review allegations of prosecutorial misconduct under the harmless beyond a reasonable doubt standard, examining the record and determining "whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Hauge, 103 Hawai'i 38, 47, 79 P.3d 131, 140 (2003) (internal quotation marks and citation omitted).

We conclude that the specific line of questioning cited to in the record does not indicate error that "might have

19

contributed to the conviction" because the answers elicited from Minor were later confirmed by Kiese.

Kiese also asserts that the Prosecutor "provided answers to questions that [Minor] failed to answer." This issue has been addressed previously in part III.A., where we held that Minor's inaudible answers were clearly understood by both sides and the family court. The verbalizations by counsel or the family court of Minor's inaudible answers (shake or nod of head, shrug of shoulders) were accepted as accurate representations of Minor's answers and were not viewed as providing answers where Minor did not answer.

Finally, "[i]t is well established that a judge is presumed not to be influenced by incompetent evidence." State v. Antone, 62 Haw. 346, 353, 615 P.2d 101, 107 (1980). Therefore, even if the Prosecutor's line of questioning was improper, the family court is presumed to have disregarded it. A review of the FOFs/COLs/Judgment supports the conclusion that the family court disregarded any incompetent evidence, as no mention is made of evidence from Minor's testimony.

> **E.    The family court did not fail to exercise reasonable control over the presentation of evidence.**

Kiese raises arguments similar to those he made in his contention that Minor was incompetent to testify. On the same basis as the analysis in part III.A., we conclude that his arguments are without merit.

> **F.    The family court erred as a matter of law in denying Kiese's request to stay the sentence pending appeal.**

Kiese's point on appeal in regards to the family court's denial of his motion to stay his sentence is moot, and we do not address it.

## IV.  CONCLUSION

The Judgment of Conviction and Sentence filed on April 1, 2009 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, February 25, 2011.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

21